Citation Nr: 1725253 
Decision Date: 06/16/17 Archive Date: 07/17/17

DOCKET NO. 08-21 518 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to a disability rating in excess of 70 percent for service-connected acquired psychiatric disorder prior to April 29, 2016. 

2. Entitlement to a total disability rating based on individual unemployability (TDIU) due to service-connected disabilities. 


REPRESENTATION

Veteran represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

Veteran



ATTORNEY FOR THE BOARD

S. Reed, Associate Counsel


INTRODUCTION

The Veteran served on active duty from January 1986 to June 1991. 

This case comes before the Board of Veterans' Appeals (the Board) from a January 2014 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

The Veteran appeared at a Travel Board hearing at the RO in January 2015 before the undersigned Veterans Law Judge. A transcript of the hearing has been associated with the Veteran's claims file. 

This case was previously before the Board in February 2016. At that time the Board recharacterized the Veteran's claim for an increased rating due to posttraumatic (PTSD) stress disorder to include all service-connected acquired psychiatric disorders, reopened the Veteran's previous claim for service connection for PTSD, granted the claim for service connection for PTSD, reopened the Veteran's claim for service connection for sleep apnea, granted the claim for service connection for sleep apnea, granted a claim for service connection for a low back disability, denied an increased rating for hiatal hernia, and remanded the issues listed above. 

In a November 2016 rating decision, the RO granted an increased rating of 100 percent for service connected PTSD and anxiety disorder, effective April 29, 2016. In the same month a supplemental statement of the case (SSOC) was issued denying the Veteran's claim for a TDIU. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The AOJ did not issue a SSOC with regard to the Veteran's claim for an increased rating for an acquired psychiatric disorder. Additional evidence was received during that period of time, including new medical records and a new VA examination. The grant of a 100 percent rating in the November 2016, effective April 29, 2016, did not resolve the Veteran's claim for an increased rating prior to that period, and did not address the period on appeal prior to April 29. 2016. See AB v. Brown, 6 Vet. App. 35, 38 (1993). A SSOC should have been issued to address the new records and examination in relation to the period prior to April 29, 2016, in order to provide the Veteran an adequate basis on which to present an appellate argument to the Board. See 38 C.F.R. § 19.37 (2016). Without the issuance of an SSOC for the period prior to April 29, 2016, the Veteran has been denied benefits sought without a proper explanation of why those benefits were denied. Therefore, a remand is necessary to issue an SSOC. 

The Board also notes that the issuance of a SSOC was part of the February 2016 remand order, if a full grant was not made. In addition to the issuance of an SSOC, the Veteran was supposed to be provided a reasonable opportunity to respond to the SSOC. The Veteran is entitled to substantial compliance with remand orders. See Stegall v. West, 11 Vet. App. 268, 271 (1998); D'Aries v. Peake, 22 Vet. App. 97 (2008). As he was not provided an SSOC, he could not have been provided an adequate opportunity to respond to said SSOC. Therefore, a remand is also necessary to ensure substantial compliance with the February 2016 Board remand

Finally, the Board notes that the issue of entitlement to a TIDU is inextricably intertwined with the aforementioned claim. See Harris v Derwznski, 1 Vet App 180, 183 (1991) (two issues are "inextricably intertwined" when they are so closely tied together that a final Board decision on one issue cannot be rendered until the other issue has been considered). Therefore, the Board cannot decide the issue of entitlement to TDIU until development on the aforementioned claim is complete. 


Accordingly, the case is REMANDED for the following action:

1. Obtain any outstanding relevant VA treatment records and associate them with the Veteran's claims file. 

2. Thereafter, readjudicate the issues on appeal. If the determination remains unfavorable to the Veteran, he and his representative should be furnished a supplemental statement of the case which addresses all evidence associated with the claims file since the last statement of the case. The Veteran and his representative should be afforded the applicable time period in which to respond.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. J. ALIBRANDO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).